UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

v.  CASE NO: 2:20-cr-99-SPC-NPM

JAMAR MAURICE JAMES
　　　　　　　　　　　　　　　　　　／

# ORDER

Before the Court are Defendant Jamar Maurice James' *pro se* letter, which the Court construes as a Motion Requesting Sentence Modification Pursuant to 18 U.S.C. § 3582(c)(2) (Doc. 103), the United States Probation Office's Memorandum (Doc. 104), and a Notice That the Federal Defender's Office Has Satisfied the Requirements Imposed by the Amendment 821 Omnibus Order (Doc. 107).

Defendant is serving a 120-month sentence for possession of ammunition by a convicted felon. (Doc. 82). In his motion, Defendant requests that the Court review his sentence and argues that he is entitled to a status points reduction. (Doc. 103).

It used to be that a defendant who committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status received two extra criminal history points. But Part A of Amendment 821 has changed that procedure. Now defendants can move to eliminate the extra points if they meet

three criteria: (1) the defendant was assessed two status points under § 4A1.1(d) (now § 4A1.1(e)) and would no longer be assessed status points under the amended guideline; (2) the reduction of status points would reduce the defendant's criminal history category and result in a lower guideline range; and (3) the defendant received a higher sentence than the minimum of the amended guideline range.

The Court sentenced Defendant on May 24, 2021. (Doc. 81). The Court varied downward under 18 U.S.C. § 3553(a) at sentencing. Probation explains that although Defendant was assessed status points, retroactive application of Part A of Amendment 821 does not change his criminal history category and lower his applicable advisory guideline range. Specifically, application of the Amendment reduces Defendant's criminal history points from 14 to 13 points. But his criminal history category remains at VI, and the advisory guideline range remains the same. Thus, Defendant is not covered by U.S.S.G. §1B1.10(a)(2)(B) and 18 U.S.C. § 3582(c)(2).

The Federal Defender agrees with Probation's assessment. (Doc. 107 at 2–3). So the Federal Defender cannot argue in good faith that Defendant is eligible for a sentence reduction and states that he will not file a motion for sentence reduction under Amendment 821 on Defendant's behalf.

Having reviewed the record in this case, the Court agrees with Probation and the Federal Defender. Because Defendant would only receive one instead

of two status points under Part A of Amendment 821, his total score would be 13. But his criminal history category remains at VI, rendering him ineligible for a reduction under Amendment 821. Because Amendment 821 does not apply to Defendant, the Court need not evaluate the 18 U.S.C. § 3553(a) factors.

Accordingly, it is

**ORDERED**:

Defendant Jamar Maurice James' *pro se* letter, which the Court construes as a Motion Requesting Sentence Modification Pursuant to 18 U.S.C. § 3582(c)(2) (Doc. 103), is **DENIED**.

**DONE and ORDERED** in Fort Myers, Florida on May 5, 2025.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All parties of record